UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| IMHOTEP SALAT, | Case No. 2:16-cv-03018-APG-PAL |
| Plaintiff, | |
| v. | **REPORT OF FINDINGS AND RECOMMENDATION** |
| TOM WILSON, et al., | |
| Defendants. | (IFP Application – ECF No. 1) |

This matter is before the court on Plaintiff Imhotep Salat's Application to Proceed *In Forma Pauperis* (ECF No. 1) pursuant to 28 U.S.C. § 1915 and LSR 1-1 of the Local Rules of Practice. This Application is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4 of the Local Rules of Practice.

Plaintiff is proceeding in this action *pro se*, which means that he is not represented by an attorney. *See* LSR 2-1. He has submitted a proposed complaint and requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis* ("IFP"), meaning without paying the filing fee. Having reviewed his IFP application and complaint, the court will recommend denial of the IFP application and dismissal of this action because Plaintiff did not provide his complete financial information.

Pursuant to 28 U.S.C. § 1914(a) and the Judicial Conference Schedule of Fees, a filing fee and administrative fee totaling $400 is required to commence a civil action in a federal district court. The court may authorize a person to commence an action without prepaying fees and costs if the person files an IFP application including an affidavit stating that he or she is unable to pay the fee. *See* 28 U.S.C. § 1915(a)(1); LSR 1-1. However, the court must apply "even-handed care" to ensure that "federal funds are not squandered to underwrite, at public expense, either frivolous claims" or the colorable claims of a plaintiff "who is financially able, in whole or in material part,

to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984) (collecting cases); *see also Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (recognizing Congress' concern that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits") (citation omitted). It is within the court's discretion to make a factual inquiry into a plaintiff's financial status and to deny an IFP application if an individual is unable or unwilling to verify his poverty. *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citing *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)); *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 n.3 (11th Cir. 2004) (consideration of a party's ability to pay the filing fee is not limited to the IFP application itself, "the court may look beyond the application to determine his financial condition") (internal quotation and alteration omitted).

The IFP statute instructs that "the court **shall dismiss the case** at any time if the court determines that . . . the allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A) (emphasis added). Congress amended the statute in 1996 to substitute the mandatory "shall" for the permissive "may" with regard to the court's authority and responsibility to dismiss a case when the plaintiff's allegation of poverty is found to be untrue. *Bell v. Dobbs Int'l Serv.*, 6 F. Supp. 2d 863, 864 (E.D. Mo. 1998); *see also Oquendo v. Geren*, 594 F. Supp. 2d 9, 11 (D.D.C. 2009) ("[D]ismissal is mandatory in the face of untrue allegations of poverty."). Section 1915(e)(2)(A) serves the purpose of preventing abuse of the judicial system by "weed[ing] out the litigants who falsely understate their net worth in order to obtain *in forma pauperis* status when they are not entitled to that status based on their true net worth." *Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997) (per curiam); *see also Adkins v. E.I. DuPont deNemours & Co.*, 335 U.S. 331, 344 (1948)) (noting that the IFP statute "was intended for the benefit of those too poor to pay or give security for costs").

The IFP statute does not require dismissal for inaccuracies, misstatements, or minor misrepresentations made in good faith. *Vann v. Comm'r of N.Y. City Dep't of Correction*, 496 F. App'x 113, 115 (2d Cir. 2012); *Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000); *Matthews v. Gaither*, 902 F.2d 877, 881 (11th Cir. 1990) (per curiam) (stating that the purpose of

a previous version of § 1915(e)(2)(A) was "not to punish litigants whose affidavits contain insignificant discrepancies"). Although a litigant's misrepresentation of his or her financial assets "might not necessarily rise to the level of an untrue allegation of poverty requiring dismissal in all cases, dismissal under § 1915(e)(2)(A) is certainly appropriate where a plaintiff conceals or misrepresents his or her financial assets or history in bad faith to obtain *in forma pauperis* status." *Vann*, 496 F. App'x at 115 (citing *Cuoco v. U.S. Bureau of Prisons*, 328 F. Supp. 2d 463, 467–68 (S.D.N.Y. 2004)). "Bad faith in this context includes deliberate concealment of income in order to gain access to a court without prepayment of filing fees." *Id.* "To determine whether a plaintiff has acted in bad faith a court may consider a plaintiff's familiarity with the *in forma pauperis* system and history of litigation." *Id.* (citing *Cuoco*, 328 F. Supp. 2d at 468–69 (dismissing complaint where plaintiff received $13,500 in settlements, which she directed be sent to her mother and not to her prison account and did not report those settlements on her IFP application despite having extensive litigation experience); *see also Thomas v. Gen'l Motors Acceptance Corp.*, 288 F.3d 305, 306–07 (7th Cir. 2002) (affirming dismissal with prejudice where plaintiff had failed to disclose retirement distributions); *Mathis v. New York Life Ins. Co.*, 133 F.3d 546, 547–48 (7th Cir. 1998) (affirming district court's dismissal with prejudice where plaintiff, an experienced IFP litigant, failed to disclose ownership of a home with $14,000 of equity) (per curiam).

Here, Plaintiff has submitted the affidavit required by § 1915(a), which provides answers to several questions under the penalty of perjury. *See* IFP App. (ECF No. 1). He represents that he is not employed, he has no business, profession, or other self-employment, and his only source of income is $1,290 per month in social security disability benefits. *Id.* at 1. He states that he has no money in a checking or savings account. *Id.* at 2. Applicants are asked to identify "[a]ny automobile, real estate, stock, bond, security, trust, jewelry, art work, or other financial instrument or thing of value that I own, including any item of value held in someone else's name." *Id.* Plaintiff responded "N/A," *id.*, which is a common abbreviation for the phrase "not applicable." He indicates that his rent of $1,000 is his only debt or financial obligation and lists certain living expenses such as rent, utilities, transportation, and food, totaling $1,560. *Id.* His expenses, therefore, regularly exceed his monthly income.

Plaintiff's proposed complaint names as defendants three employees of Allstate Insurance Company.[1] *See* Compl. (ECF No. 1-1). He alleges he is the "registered owner" of a 2010 Mercedes GLK, which is insured by Allstate. *Id*. at 3, ¶ 2. He attempts to bring a civil rights claim alleging that the defendants' discriminatory and fraudulent practices caused defendants to deny his auto insurance claim and violated his Fourteenth Amendment right to due process.

Although the Mercedes is the subject of his proposed complaint, Plaintiff failed to list the vehicle as an asset in his IFP Application. Considered in isolation, the court might accept this discrepancy as a minor oversight. However, Plaintiff's history of litigation in this district and the documents filed in another recent case suggests otherwise.

Plaintiff has filed a total of five civil rights cases in this district, including the current case. In *Salat v. Matute*, No. 2:15-cv-00224-GMN-VCF, Plaintiff received permission to proceed IFP. He disclosed social security disability benefits of $1,181 per month and $1,025 in regular expenses for rent. The proposed complaint alleged a civil rights claim against an employee of his apartment complex regarding a notice that he was in default of the rental agreement. The action was dismissed based on a lack of federal jurisdiction for the allegations of a wrongful eviction and failure to state a federal civil rights claim against a non-government actor. In *Salat v. County of Sacramento*, No. 2:15-cv-01455-APG-PAL, Plaintiff initiated the case in Nevada state court and the defendants removed it to federal district court. The parties stipulated to dismiss the case shortly thereafter.

Plaintiff also requested permission to proceed IFP in *Salat v. Lake*, No. 2:15-cv-00974-JAD-CWH.[2] His first application was denied without prejudice as it failed to answer all of the questions. In his second application, Plaintiff represented that he received $1,181 monthly in disability benefits and had no debts or financial obligations outside of $800 in living expenses. Magistrate Judge Carl W. Hoffman found that Plaintiff had not satisfied the indigency requirement

---

[1] Allstate's CEO, Tom Wilson, Wanda Henderson, a claims adjuster, and Linda Baumann, his insurance agent.

[2] Judicial notice is properly taken of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue. *See, e.g.*, *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006); *McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1094 (9th Cir. 2004).

and recommended that the second application be denied and Plaintiff be required to pay the filing fee. District Judge Jennifer A. Dorsey accepted and adopted that recommendation. Plaintiff failed to pay the $400 filing fee within 30 days as ordered; thus, the case was dismissed.

In November 2016, approximately one month prior to filing the IFP application at issue, Plaintiff requested permission to proceed IFP in *Salat v. Breslow*, No. 2:16-cv-02670-APG-GWF. The IFP application filed in *Breslow* does not provide the name of an employer. *Id.*, IFP App (ECF No. 1). Plaintiff denied receiving wages or income from business, profession, or other self-employment. He represented that his only source of income is from "other sources" and he attached a letter from the Nevada Division of Welfare and Supportive Services indicating he has $1,285.90 in monthly income and receives $16 in benefits from the Supplementary Nutrition Assistance Program. *Id.*, Compl. (ECF No. 1-1) at 28.[3] He also stated that he has no money in a checking or savings account. When asked to identify anything of value that he owns, which includes an automobile, Plaintiff responded "welfare." He represented that he has no debts or financial obligations, but has $1,460 in regular monthly expenses for rent and utilities. Thus, he indicated that his expenses regularly exceed his monthly income.

The proposed complaint in *Breslow* also involves Plaintiff's Mercedes GLK. Attached to the complaint are exhibits confirming his ownership of the Mercedes: copies of the vehicle registration, proof of insurance, and a certificate title, which names Plaintiff as the sole owner. *Id.* at 10, 12, 22. He Plaintiff submitted receipts showing that he paid $1,000 in fines to the Nevada Taxicab Authority. *Id.* at 24–25. In addition, the exhibits suggest Plaintiff failed to report an employer and/or another source of income. He attached documents from the Internal Revenue Service and the Nevada Secretary of State listing him as the principal officer and/or president of a non-profit corporation, which has gross annual receipts of up to $50,000. *Id.* at 14–19.

Plaintiff has experience filing IFP applications in at least three other cases in this district, including one case in which his request to proceed IFP was denied. In this case, Plaintiff's IFP Application shows a general inability to pay the filing fee based on the assets and income listed.

---

[3] The IFP Application Plaintiff filed in *Breslow* is pending and his proposed complaint has yet to be screened.

5

1 However, he failed to account for a significant asset: the 2010 Mercedes GLK, for which he alleges
2 ownership in his proposed complaint. Furthermore, the documents filed in *Breslow* confirm
3 Plaintiff's ownership of the Mercedes and indicate that he omitted additional information. He
4 failed to tell the court about his involvement with a non-profit corporation as its president and/or
5 principal officer. Despite both IFP applications representing that Plaintiff regularly spends each
6 month more than he receives in disability payments, he provides no explanation for the
7 discrepancy. Plaintiff's ability to pay $1,000 in fines also belies his assertion that he is unable to
8 pay the $400 filing fee. As such, the court finds that his allegation of poverty is untrue and this
9 case should be dismissed. *See, e.g.*, *Thomas v. LVMPD*, No. 2:16-cv-3019-JAD-NJK, 2017 U.S.
10 Dist. LEXIS 33197 (D. Nev. Feb. 13, 2017) (recommending denial of IFP application based on
11 plaintiff's inconsistent statements about his income in multiple cases); *Ballard v. LVMPD*, 2:13-
12 cv-0130-APG-NJK, 2013 U.S. Dist. LEXIS 158112 (D. Nev. Oct. 18, 2013) (recommending
13 denial of IFP application based on plaintiffs' failure to account for medical marijuana and related
14 equipment as an asset).

15 In addition, the court recommends denial of Plaintiff's IFP application because he attempts
16 to bring a civil rights claim against three Allstate employees who are not government actors. A
17 "district court may deny leave to proceed in forma pauperis at the outset if it appears from the face
18 of the proposed complaint that the action is frivolous or without merit." *Minetti v. Port of Seattle*,
19 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368,
20 1370 (9th Cir. 1987)). To state an actionable civil rights claim under 42 U.S.C. § 1983, a plaintiff
21 must allege that his civil rights were violated by a person acting under color of state law. *West v.*
22 *Atkins*, 487 U.S. 42, 49–50 (1988). Private parties not affiliated with a state or municipal
23 government do not act under color of state law. *Florer v. Congregation Pidyon Shevuyim, N.A.*,
24 639 F.3d 916, 922 (9th Cir. 2011). Accordingly, the proposed complaint fails to state a claim upon
25 which relief can be granted.

26 Based on the foregoing,
27 / / /
28 / / /

**IT IS RECOMMENDED**:

1. Plaintiff Imhotep Salat's Application to Proceed *In Forma Pauperis* (ECF No. 1) be **DENIED** and this action be **DISMISSED**.
2. The Clerk of the Court be instructed to enter judgment accordingly.

Dated this 26th day of September, 2017.

                                                                                    _____
                                                                                    PEGGY A. LEEN
                                                                                    UNITED STATES MAGISTRATE JUDGE

## NOTICE

This Report of Findings and Recommendation is submitted to the assigned district judge pursuant to 28 U.S.C. § 636(b)(1) and is not immediately appealable to the Court of Appeals for the Ninth Circuit. Any notice of appeal to the Ninth Circuit should not be filed until entry of the district court's judgment. *See* Fed. R. App. P. 4(a)(1). Pursuant to LR IB 3-2(a) of the Local Rules of Practice, any party wishing to object to a magistrate judge's findings and recommendations of shall file and serve *specific written objections*, together with points and authorities in support of those objections, within 14 days of the date of service. *See also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. The document should be captioned "Objections to Magistrate Judge's Report of Findings and Recommendation," and it is subject to the page limitations found in LR 7-3(b). The parties are advised that failure to file objections within the specified time may result in the district court's acceptance of this Report of Findings and Recommendation without further review. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). In addition, failure to file timely objections to any factual determinations by a magistrate judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation. *See Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991); Fed. R. Civ. P. 72.